Ex Parte Perry Mitchell.

No. 1978. Decided June 19, 1912.

**Habeas Corpus—Bail—Felony.**

Where it appeared that relator had been indicted in two felony cases for which his bond had been fixed at $750 each, and other complaints were filed against him charging him with felony, a bond of $500 in each case is considered reasonable and proper.

From Potter County.

Original habeas corpus proceedings asking the Court of Criminal Appeals to fix bond in several felony cases in which relator had waived examination in the Justice Court.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for relator.

*C. E. Lane,* Assistant Attorney-General, and *Henry S. Bishop,* District Attorney, for the State.

PRENDERGAST, JUDGE.—This is a companion case to the Creed and Campbell cases this day decided.

The record and testimony show that Mitchell, the relator, had, before his arrest on the complaints against him for which he seeks bail before this court, been indicted in two other felony cases and that his bond in each of those had been fixed at $750 and he had succeeded in making bond in those cases. When arrested on the three complaints against him in this case each of them being a felony, one for pursuing the business or occupation of selling intoxicating liquors in prohibition territory and the other two for making specific sales, he waived examination before the examining magistrate and no evidence was there offered by him showing his financial condition or his ability to make bond. The committing magistrate thereupon fixed his bond in one of these complaints at $1,000 and each of the others at $750.

What was said by this court in the Creed case substantially applies to this case.

After full consideration we have concluded to fix the bail of the relator in the case where he is charged with having engaged in and pursued the occupation and business of selling intoxicating liquors, at $750 and in each of the other cases at $500. We are led to believe that the relator can make bond for the said amounts and that the amount of the bail we have fixed is reasonable and proper in view of the charges against him and the bonds he had previously executed. It was shown on this hearing that in a case before, where he was charged with an assault with intent to rape, he gave a bond therein in the sum of $1,500. The evidence does not disclose that that bond is still a subsisting bond, but it does disclose that in the two cases there indicated, the bond for $750 in each are subsisting bonds.

It will, therefore, be the order of this court in this case that the relator be remanded to the custody of the sheriff of Potter County to be held by him under said charges pending against him until he executes the respective bonds for the amounts fixed herein, and that as to these cases, when he shall have executed such bonds, that the sheriff release him thereon.

*Bond fixed.*

DAVIDSON, Presiding Judge, not sitting.